IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LENNY DEAN LOWRY,

Plaintiff,

v.                                      CASE NO. 05-3241-SAC

R. HONEYCUTT, et al.,

Defendants.

**ORDER**

This civil rights complaint was filed pursuant to 42 U.S.C. 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas.  Plaintiff sues a prison official, Warden Bruce, and the "administration of HCF."

**FACTUAL ALLEGATIONS**

As factual background for his complaint, plaintiff alleges that on April 26, 2005, he was "caught" engaging in activity which he refers to as mere "horse play" with another inmate. Officer McGlynn witnessed the behavior and reported it to other staff.  Defendant Honeycutt investigated the incident. Plaintiff states he told Honeycutt there was no rape, sexual assault or "real sexual activity," and this should have ended the matter.  He complains Honeycutt "was determined to go ahead with a sexual assault evidence kit," and advised plaintiff had no right to refuse because the "Prison Rape Elimination Act" (42 U.S.C. 15601, et seq.) required it.  However, plaintiff also

1

alleges he agreed to be examined at the local clinic.  Plaintiff
alleges Honeycutt took him to the emergency room shackled and
cuffed, and complains he was subjected to a very humiliating and
degrading exam by a female nurse while Honeycutt watched and
joked with the nurse.  He alleges no medical evidence of rape or
any other sexual activity was found.

Plaintiff exhibits the Disciplinary Report (DR) written by
Honeycutt on May 5, 2005, which charged him with prohibited
sexual activity.  Under FACTS it provides:

> On 26 April 2005, Sgt McGlynn reported that he
> observed inmates (McFeeters and Lowry) involved in
> sexual activity within the bathroom area . . . .  An
> investigation was initiated . . . (which) revealed
> that inmate McFeeters and Lowry were engaged in sexual
> activity and were interrupted by Sgt McGlynn.
> McFeeters was observed with his erect penis pressed up
> against inmate Lowry rectum area.  On 26 April 2005
> inmate Lowry was advised of his rights, which he
> waived and admitted to be engaging in sexual activity
> with inmate McFeeters.  Based upon his admission and
> Sgt McGlynn's observations Lowry and McFeeters were
> taken to the Hutchinson Emergency Room where a sexual
> assault evidence kit was collected. * * * Restitution
> for $672.18 is requested for the cost of the
> laboratory testing and emergency visit and overtime
> cost incurred by the state.  Inmate Lowry admitted to
> being engaged in sexual activity, therefore he is in
> violation of 44-12-314, Sexual Activity; Class I. (No
> inmate shall commit or induce others to commit an act
> of sexual intercourse or sodomy, even with the consent
> of both parties.  Participation in such an act shall
> be prohibited.)

Plaintiff also exhibits the "Disposition of Disciplinary Case"
which provided CSI R. Honeycutt, "sworn in as the reporting
officer", "affirmed the report" and stated Lowry had "admitted
to the sexual act with McFeeters."  This summary indicates that
at the hearing Lowry pointed out the lack of medical evidence of

2

sexual activity and questioned why he should be required to pay restitution when he was forced to go to the hospital.  Lowry also requested a continuance to speak with Sgt. McGlynn.  The hearing officer denied the continuance, finding Lowry had not turned in "an Inmate Request for Witness form" for any person even though his first hearing was on May 6, 2005, and a final hearing was on May 12, 2005, giving him ample time to prepare or request a continuance.  Lowry was found guilty by a preponderance of the evidence, including the reporting officer's investigation showing Lowry was found with another inmate preparing to engage in a sexual act and Lowry's admission "in the interview with the reporting officer to having participated in a sexual act with the other inmate."  The summary further provided "Restitution was requested in the report and was awarded[1] by the hearing officer."

**CLAIMS**

As grounds for this action, plaintiff claims he was "forced" to submit to humiliating sexual assault testing without adequate cause, was required to pay for the forced hospital visit, and that documents were falsified in violation of his right to a fair hearing.  He asserts that unspecified constitutional rights were violated and seeks money damages only, for suffering as well as return of his funds taken for restitution.

---

[1]    No other sanctions, other than a finding of guilty and the award of restitution, are apparent from plaintiff's filings.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Prior exhaustion of administrative remedies in cases brought with respect to prison conditions or occurrences is mandatory. 42 U.S.C. 1997e(a); see also Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussel, 534 U.S. 516, 524 (2002). Plaintiff bears the burden of sufficiently pleading exhaustion, see Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003), cert. denied, 125 S.Ct. 344 (Oct. 12, 2004), and was given time to supplement his complaint to satisfy this pleading requirement.

Plaintiff responded by submitting 3 letters to the court indicating he had appealed the disciplinary action taken against him. He also submitted additional exhibits to the court, including his "Disciplinary Appeal to the Secretary of Corrections" filed on May 24, 2005, in which he stated as grounds: (1) his inability to question Officer McGlynn, whom he calls the "main witness" against him and asserts should have been present; (2) Honeycutt "falsified the DR showing I waived my rights and was interviewed before being forced to undergo a sexual assault kit when it was afterwards;" and (3) he was found guilty of intercourse or sodomy which "has been proved didn't happen." The Secretary denied his appeal, finding the hearing officer's decision was based upon "some evidence."

Plaintiff's response to the court also revealed he had not filed a grievance raising all the claims alleged in his complaint prior to filing this federal court action. After

4

being notified of the exhaustion requirement, plaintiff filed a grievance which he unsuccessfully appealed to the warden. Plaintiff exhibits his "Inmate Grievance Form" filed on June 29, 2005, in which he complained that he should not have been subjected to the sexual assault exam or required to pay restitution because no rape or sexual assault was involved. The Unit Team responded that "Investigator R. Honeycutt . . . followed protocol as outlined in the Internal Management Policies and Procedures based on the information provided to him during the investigation." The warden concurred in this response. Plaintiff was informed he had 3 days "to appeal this grievance to the Secretary of Corrections."

**DISCUSSION**

At the outset, the court finds plaintiff did not fully exhaust administrative remedies prior to filing this action as required by 42 U.S.C. 1997(e). A complaint "that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted," and is "vulnerable to dismissal." Steele, 355 F.3d at 1210, 1212. Plaintiff attempted to exhaust after the complaint was filed, but did not appeal his latest administrative grievance to the Secretary of Corrections. Plaintiff argues that the Secretary's denial of his appeal of the disciplinary action means the Secretary would have agreed with the administration on his latest grievance. The court is not convinced that the

Secretary's response on plaintiff's appeal of the disciplinary action obviated the requirement that he appeal his subsequent grievance to that level.  This court concludes from the record presented by plaintiff that he has not fully exhausted prison administrative remedies on the following claims raised in the complaint: (1) his constitutional rights were violated when he was subjected to a sexual assault exam without evidence of rape or sexual assault; (2) he is entitled to compensation in the form of money damages for extreme humiliation and distress allegedly suffered during the sexual assault exam, and (3) defendant Honeycutt should be terminated for abusing his authority by falsifying documents to gain a guilty decision and recover State funds.  The court concludes plaintiff has not satisfied the full and total administrative exhaustion requirement, as set forth in <u>Simmat v. United States Bureau of Prisons</u>, 413 F.3d 1225 (10th Cir. 2005).  Accordingly, this action must be dismissed without prejudice.

In the interest of judicial economy, the court additionally notes that other allegations in the complaint which might be liberally construed as claims, are legally and/or factually insufficient.  For example, plaintiff alleges that the evidence relied upon, namely the acts described by Officer McGlynn together with Honeycutt's testimony that plaintiff admitted the violation to him, was insufficient[2] to establish a violation of

---

[2]
If plaintiff intended to raise this as a claim, it arguably was exhausted on administrative appeal of his disciplinary action by his claim that he was found guilty of sexual activity "which has been proven didn't

KAR 44-12-314.  KAR 44-12-314 (a) provides: "No inmate shall commit or induce others to commit an act of sexual intercourse or sodomy, even with the consent of both parties.  Participation in such an act shall be prohibited."  Subsection (c)(2)(B) pertinently provides: "Sodomy shall be defined as any of the following . . . anal penetration, however slight, of a male or female by any body part or object . . . ."

Plaintiff argues there was no evidence of rape, sodomy or any sexual activity and denies he admitted sexual activity to Honeycutt, yet agrees he was "caught with" and admitted to "what (he) considered harmless horse play with another inmate." Plaintiff alleges Honeycutt told him McFeeters admitted "to pressing his penis against" Lowry, but claims he "found out later" that "McFeeters thought it was in his best interest to tell them what they wanted to hear."  Plaintiff's exhibits and allegations suggest that McFeeters did not deny penetration. The summary of plaintiff's disciplinary case provides that the "other individual (McFeeters) couldn't say for certain if he had penetrated or not."

In a prison disciplinary proceeding, if the determination is based upon "some evidence" it is valid.  <u>Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454 (1985); <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1446 (10th Cir. 1996). Plaintiff's own exhibits and allegations demonstrate that "some

---

happen."

evidence" was presented of his violation of this regulation. Plaintiff's claim that the evidence presented by defendant Honeycutt was false is not supported by a single factual allegation and involves a credibility issue resolved against him by the hearing officer. See King v. Fields, 145 F.3d 1345 (10th Cir., May 14, 1998, unpublished)(copy attached). This court concludes that the determination of guilt was adequately supported. Thus, even accepting plaintiff's factual allegations as true, his prayer for money damages based upon a claim that the evidence was insufficient fails to state a claim.

Plaintiff makes the mostly conclusory allegation that his disciplinary hearing was not fair. For factual support, he alleges he was not allowed to question the "main witness." However, the record provided by him plainly shows he failed to timely request the presence of any witness at his hearing. Plaintiff does not allege he was denied any of the other due process rights required in a prison disciplinary hearing, such as advance written notice of the claimed violation or an opportunity to present evidence. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). There was certainly no failure on the part of prison officials to specify in writing the facts and evidence relied upon to support the finding of guilt. See Edwards v. Balisok, 520 U.S. 641, 649-50 (Ginsburg, J., concurring)(1997). Contrary to a claim that the hearing was unfair, the record provided by plaintiff shows the requisite procedural safeguards were afforded. Thus, even if the court construed plaintiff's

8

claim as seeking money damages based upon a denial of due process at his disciplinary hearing, no claim is stated.

Plaintiff's allegations that he was not advised of rights or interviewed prior to the exam, likewise, are either not supported by sufficient facts or are not legally sufficient to state a constitutional violation. Plaintiff alleges he was taken into the rotunda soon after the incident and "at that point . . . agreed to go to the local clinic and be examined . . . ." He alleges he was then briefly taken to a holding cell, and from there taken to the Hutchinson Emergency Room where they "waited for the proper nurse to arrive." Plaintiff states "at this time" Honeycutt advised him of his rights, which he waived, but Honeycutt did not conduct an interview. Plaintiff alleges after the exam he was taken back to HCF where Honeycutt interviewed him. Thus, plaintiff's complaint that he was not advised of "his rights" before being taken to the medical exam is conclusory as well as contradicted by his own factual allegations. He fails to allege what rights he was entitled to be advised of under what authority, and since no inculpatory evidence was produced, damages resulting from that failure could not be shown. Moreover, as noted, plaintiff alleges he waived his rights. Furthermore, even if this court accepts that plaintiff was interviewed by Honeycutt after rather than before the medical exam, no violation of constitutional rights is manifest. Plaintiff states he agreed to the test prior to its administration. The relevance of the timing of the

9

investigative interview in relation to any of plaintiff's constitutional rights is simply not shown.  The court concludes that neither of these claims presents grounds for a money damages claim under Section 1983, even when the  few factual allegations made in support are taken as true.

Finally, the court finds that if it construed plaintiff's allegations as a complaint that he was improperly administered a medical exam to detect sexual activity, insufficient facts and legal authority are presented in support.  The court is not cited to any provision in the Prison Rape Elimination Act or other federal law or even in Kansas prison regulations setting forth minimum conditions which must exist before a prisoner thought to have been involved in prohibited sexual activity may be required to undergo a medical sexual assault exam.  The court is not made aware of any published practice or policy with regard to whether such a test may be administered against an inmate's will for activity which may not technically amount to sexual assault, for example, consensual sex.  Such a claim might be construed as one under the Eighth Amendment if prison officials were alleged to have forced an inmate to undergo such a test as a deterrent or punishment rather than as an investigative tool.  On the other hand, prisoners must depend, and rightly so, upon prison administrators for protection from sexual abuse, and prison officials' failure to protect inmates from known harm may be a constitutional violation.  See Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993).  In order to

10

state an Eighth Amendment claim, plaintiff would have to allege
that the prison official who forced him to take the exam knew of
and disregarded that it posed an excessive risk to inmate health
and safety.  Gonzales v. Martinez, 403 F.3d 1179, 1186 (10th Cir.
2005), Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Plaintiff
makes only a conclusory claim that he was humiliated and
suffered as a result of being administered the exam.  He fails
to describe any particular aspect of the medical exam itself as
unnecessarily cruel or having resulted in actual injury.  In
sum, facts have not been alleged in this case, following full
and total exhaustion, which would warrant going forward on this
claim, particularly since plaintiff agreed[3] to submit to the
test.

The court concludes from the foregoing that this action must
be dismissed for failure to state a claim.  42 U.S.C.A.
1997e(c)(2) provides:

> In the event that a claim is, on its face, frivolous,
> malicious, fails to state a claim upon which relief
> can be granted, or seeks monetary relief from a
> defendant who is immune from such relief, the court
> may dismiss the underlying claim without first
> requiring the exhaustion of administrative remedies.

Id.  This section clearly contemplates the dismissal on the
merits of some claims even if they have not been exhausted.  The
PLRA specifies that district courts shall sua sponte dismiss
certain prison-condition complaints:

---

[3]

He may have agreed to the exam because he believed it would exonerate him of the charge of
sexual activity.  However, lack of medical evidence alone did not mandate a finding of not guilty.

11

> The court shall on its own motion or on the motion of a party dismiss any action ... if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. 1997e(c)(1).  The court notes that "administration of HCF" is not a "person" subject to suit under 42 U.S.C. 1983.

For all the foregoing reasons, the court finds plaintiff has failed to state a claim, and this action accordingly must be dismissed.  The dismissal of plaintiff's unexhausted claims, which are not also found to be without factual or legal support, is without prejudice.

IT IS THEREFORE BY THE COURT ORDERED this action is dismissed and all relief denied, and that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2005, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge